NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
ELLEN LANSDEN (Cal. Bar No. 274096)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3176
    Facsimile: (213) 894-0141
    E-mail:   ellen.lansden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-206-JAK |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT TREVON MAURICE FRANKLIN |
| v. | |
| TREVON MAURICE FRANKLIN, aka "Tre-Von M. King," | |
| Defendant. | |

1. This constitutes the plea agreement between TREVON MAURICE FRANKLIN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. Give up the right to indictment by a grand jury, and at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to the sole count of the superseding information in <u>United States v. Trevon Maurice Franklin</u>, CR No. 17-206-JAK, in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Criminal Infringement of a Copyright, in violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(a), (c)(3), a Class A misdemeanor.

    b.   Not contest facts agreed to in this agreement.

    c.   Abide by all agreements regarding sentencing contained in this agreement.

    d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

    g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

    h.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

        i.   Defendant shall possess and use only those Digital Devices and Internet Accounts that have been disclosed to, and approved by, the Probation Office upon commencement of supervision. Any changes or additions to Digital Devices or Internet

Accounts are to be disclosed to, and approved by, the Probation Officer prior to the first use of same.  Disclosure shall include both user names and passwords for all Digital Devices and Internet Accounts.  Digital Devices include, but are not limited to, personal computers, tablet computers such as iPads, mobile/cellular telephones, personal data assistants, digital storage media, devices or media which provide access to electronic games, devices that can access or can be modified to access the Internet, as well as any of their peripheral equipment.  Internet Accounts include, but are not limited to, email accounts, social media accounts, electronic bulletin boards, or other accounts on the Internet.

ii. After the Probation Officer has given defendant approval to use a particular Digital Device or Internet Account, defendant need not notify the Probation Officer about subsequent use of that particular Digital Device or Internet Account.  Defendant shall, however, notify his Probation Officer of any additions to, removals from, or other modifications of the hardware or software on any Digital Device or Internet Account that defendant causes to occur, within one week of that addition, removal or modification. The defendant shall not hide or encrypt files or data without specific prior approval from the Probation Officer.

iii. Defendant shall provide the Probation Officer with all billing records for any service or good relating to any Digital Device or Internet Account, including those for cellular telephone, cable, Internet and satellite services, as requested by the Probation Officer, so that the Probation Officer can verify compliance with these requirements.

|   |   |
|---|---|
| 1 | iv.  Defendant shall comply with the rules and |
| 2 | regulations of the Computer Monitoring Program.  Defendant shall pay |
| 3 | the cost of the Computer Monitoring Program, in an amount not exceed |
| 4 | $32 per month per device connected to the internet. |

THE USAO'S OBLIGATIONS

3.  The USAO agrees to:

   a.  Not contest facts agreed to in this agreement.

   b.  Abide by all agreements regarding sentencing contained in this agreement.

   c.  At the time of sentencing, move to dismiss the indictment filed against defendant in <u>United States v. Trevon Maurice Frankin</u>, CR No. 17-206-JAK, on April 11, 2017, in the Central District of California.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of a violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(a), (c)(3), a Class A misdemeanor, the following must be true: (a) there was a copyright; (b) defendant infringed that copyright by reproduction or

distribution of one or more copies or phonorecords of the copyrighted work within a 180-day period; (c) the total retail value of the copyrighted work was more than $1,000; and (d) defendant acted willfully.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 17 U.S.C. § 506(a)(1)(B), 18 U.S.C. §§ 2319(a), (c)(3), a class A misdemeanor, is: one year imprisonment followed by a one-year period of supervised release, or five years probation; a fine of $100,000; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

8.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 100 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between on or about February 20, 2016 and February 22, 2016, defendant willfully infringed the copyright of the motion picture Deadpool by reproducing and distributing more than one copy of that copyrighted work, which had a total retail value of at least $1,000.

Specifically, at some point before February 20, 2016, defendant downloaded from the website www.putlocker.is an unauthorized copy of the movie Deadpool, which defendant knew he was not authorized to obtain.  On February 20, 2016, using the moniker Tre-Von M. King, defendant uploaded the unauthorized copy of Deadpool to his Facebook account.  Between February 20 and 22, 2016, while Deadpool was still in theaters and had not yet been made available for purchase by the public for home viewing, the copy of Deadpool defendant posted to his Facebook page had been viewed over 6,386,456 times.

Defendant willfully infringed the copyright held by others when he, without the authorization of the copyright holder, Twentieth Century Fox Film Corporation ("Fox"), distributed and reproduced Deadpool by uploading it to Facebook.

6

The total retail value of Deadpool exceeded $1,000, as the infringement amount totaled more than $1,000 (based on a calculation of the percentage of viewers who would have paid for a ticket to see Deadpool in theaters but did not as a result of defendant's actions, multiplied by the average ticket price).

## SENTENCING FACTORS

9. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

10. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base offense Level: | 8 | [U.S.S.G. § 2B5.3(a)] |
| Uploading: | +2 | [U.S.S.G. § 2B5.3(b)(3)] |
| No Financial Gain | -2 | [U.S.S.G. § 2B5.3(b)(4)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

11. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

12. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF RETURN OF DIGITAL DATA

14.    Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

15.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.    Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, provided it is within the statutory maximum; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above, including the computer crime conditions listed in paragraph 2.h above.

17. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than two months' imprisonment, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

19. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

      a.    Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

      b.    Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND PROBATION OFFICE NOT PARTIES</u>

23. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing

12

Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 10 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

13

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

*/s/ Ellen E. Lansden*　　　　　　　5/15/18
ELLEN E. LANSDEN　　　　　　　　　Date
Assistant United States Attorney

*/s/ Trevon M. Franklin*　　　　　5-3-2018
TREVON MAURICE FRANKLIN　　　　　Date
Defendant

*/s/ Summer Lacey*　　　　　　　　5-3-2018
SUMMER LACEY　　　　　　　　　　Date
Attorney for Defendant
TREVON MAURICE FRANKLIN

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or

representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  5-3-2018
TREVON MAURICE FRANKLIN        Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am TREVON MAURICE FRANKLIN's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this

//
//

```
 1  agreement is an informed and voluntary one; and the factual basis set
 2  forth in this agreement is sufficient to support my client's entry of
 3  a guilty plea pursuant to this agreement.
```

_____   5-3-2018
SUMMER LACEY                        Date
Attorney for Defendant
TREVON MAURICE FRANKLIN

EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TREVON MAURICE FRANKLIN,<br>　aka "Tre-Von M. King,"<br><br>　　　　Defendant. | CR No. 17-206-JAK<br><br>**FIRST SUPERSEDING INFORMATION**<br><br>[17 U.S.C. § 506(a)(1)(B) and 18 U.S.C. § 2319(a), (c)(3): Criminal Infringement of a Copyright] |
|---|---|

The United States Attorney charges:

[17 U.S.C. § 506(a)(1)(B) and 18 U.S.C. § 2319(a), (c)(3)]

Between on or about February 20, 2016 and February 22, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant TREVON MAURICE FRANKLIN, also known as "Tre-Von M. King," did willfully infringe the copyright of a copyrighted work, namely the motion picture Deadpool, by the reproduction and distribution, including by electronic means, during a 180-day period,

//

of at least one copy and phonorecord of Deadpool, which had a total retail value of at least $1,000.

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

RYAN D. WHITE
Assistant United States Attorney
Chief, Cyber & Intellectual
Property Crimes Section

ELLEN E. LANSDEN
Assistant United States Attorney
Cyber & Intellectual Property
Crimes Section